UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ELEKTRA ENTERTAINMENT GROUP INC.,
a Delaware corporation; WARNER BROS.
RECORDS INC., a Delaware corporation; UMG
RECORDINGS, INC., a Delaware corporation;
SONY BMG MUSIC ENTERTAINMENT, a
Delaware general partnership; BMG MUSIC,
a New York general partnership; and ARISTA
RECORDS LLC, a Delaware limited liability
company,

          Plaintiffs,

                                             Honorable Thomas L. Ludington

v.                                    Case Number : 06-14235-BC

BECKY BIAS,

          Defendant.

_____/

**ORDER GRANTING PLAINTIFFS' APPLICATION
FOR DEFAULT JUDGMENT AND PERMANENT INJUNCTION**

This matter is before the Court on the plaintiffs' application for default judgment.  On

September 26, 2006, the plaintiffs filed a complaint alleging that the defendant Becky Bias has used

an online media distribution system to download their copyrighted recordings, distribute these

recordings to the public, and make the recordings available for distribution to others.  The plaintiffs

request an injunction pursuant to 17 U.S.C. § 502, an order requiring the destruction of the

infringing copies pursuant to 17 U.S.C. § 503, statutory damages pursuant to 17 U.S.C. § 504, and

costs pursuant to 17 U.S.C. § 505.  As the defendant failed to plead or otherwise defend after service

of the complaint and summons, the Clerk of the Court entered default against her pursuant to Federal

Rule of Civil Procedure 55(a) on February 19, 2007.  The plaintiffs filed an application for default

judgment on February 23, 2007.

Federal Rule of Civil Procedure 55(b) permits the Court to enter a judgment by default under certain circumstances:

Judgment by default may be entered as follows:

(1) By the Clerk. When the plaintiff's claim against a defendant is for a sum certain or for a sum which can by computation be made certain, the clerk upon request of the plaintiff and upon affidavit of the amount due shall enter judgment for that amount and costs against the defendant, if the defendant has been defaulted for failure to appear and is not an infant or incompetent person.

(2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefor; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

The Court has reviewed the plaintiffs' submissions and finds that they accurately set forth the damages sustained by the defendant's wrongful actions. The Court therefore will grant the plaintiffs' application for default judgment. Judgment will issue for the relief requested in the plaintiffs' application.

Accordingly, it is **ORDERED** that the plaintiffs' application for entry of default judgment [dkt # 7] is **GRANTED.**

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: March 7, 2007

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 7, 2007.

s/Tracy A. Jacobs
TRACY A. JACOBS